**E-FILED on**     10/28/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re THE LEISURE CORPORATION,<br><br>    Debtor.<br><hr>THE LEISURE CORPORATION,<br><br>    Appellant,<br><br>v.<br><br>KENNETH H. PROCHNOW, and LAW OFFICES OF KENNETH H. PROCHNOW,<br><br>    Appellees. | No. C-03-03012 RMW<br><br>ORDER DENYING APPELLEES' MOTION TO DISMISS APPEAL<br><br>**[Re Docket Nos. 33, 45, 46]** |

Appellees Kenneth Prochnow and the Law Offices of Kenneth H. Prochnow (collectively "Prochnow") move to dismiss the appeal of appellant Leisure Corporation for failure to prosecute the appeal as previously ordered by this court. For the reasons given below, the court denies the motion.

## I. BACKGROUND

At the hearing on May 13, 2005, the court informed appellant it had until "approximately May 25th to" file its designation of record on appeal, and if the record was not filed "within fifteen days," the court would dismiss the appeal on its own motion. Without any contemporaneous explanation or request for more time, appellant filed its excerpts of the record below on May 31, 2005. Appellant now claims that

the record was shipped via overnight courier on May 27, 2005, to the court, and offers copies of the shipping labels to support this claim. *See* Appellant's Opp'n, Ex. B. The "Date (OPTIONAL)" field has indeed been filled in with "5/27/05" on these labels, *see id.*, though that does not prove the packages were given to the courier early enough on May 27th to ensure delivery by the next day, nor does it explain why appellant was filing the record at such a late date in the first place.

## II.  ANALYSIS

A "dismissal for non-compliance with non-jurisdictional bankruptcy rules" is at the discretion of a district court. *See In re Fitzsimmons*, 920 F.2d 1468 (9th Cir. 1990); *see also* Fed. R. Bankr. P. 8001(a) ("appellant's failure to take any step other than timely filing a notice of appeal . . . may" result in "dismissal of the appeal"). In *In re Fitzsimmons*, the Ninth Circuit affirmed a district court's dismissal of an appeal from a bankruptcy court. *Id*. at 1469-70. The district court based its dismissal of the appeal on the following:

> (1) [Appellant] did not serve the designation of the record for a month, well after the ten days provided by Bankruptcy Rule 8006 had expired; (2) [appellant] failed to take prompt steps to have the reporter's transcripts prepared; (3) [appellant] failed for two months to amend its "slipshod" designation of the record; (4) [appellant] failed to post the necessary fees or to contact the reporter until after the dismissal motion was filed; and (5) the consequences of these delays were not purely procedural but that in a bankruptcy case creditors can incur substantial prejudice from delay.

*Id*. at 1470-71. The Ninth Circuit also affirmed the district court's finding that the appellant's delays were in bad faith. *Id*. at 1475.

Here, there is insufficient evidence to classify appellant's delays as actions taken in bad faith. While appellant's counsel has caused multiple delays, missed deadlines, and filed eleventh-hour (and later) motions, the court will attribute this to sloppiness unless it continues. While *Fitzsimmons* did not set the minimum threshold of conduct required for dismissal of an appeal, the court notes that appellant's conduct here is less egregious than the conduct at issue in *Fitzsimmons*.

The Ninth Circuit has noted that although "the client must accept the consequences of his or her attorney's errors," "the sanction of dismissal is a harsh one and . . . its impact will most affect the client, and not the attorney who in all likelihood caused the offensive conduct." *Id*. at 1472 n.3. Additionally, while it troubles the court to let appellant's appeal go forward despite this court's threat of dismissal for any further

1  delay, dismissal seems an unduly harsh sanction to impose, particularly now that appellant's brief has been
2  filed.  Prochnow's motion is therefore reluctantly denied.

### III.  ORDER

For the reasons given above, the court denies Prochnow's motion to dismiss the Leisure Corporation's appeal from the bankruptcy court.

DATED:    10/28/05                              /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge

1 | **Notice of this document has been electronically sent to:**

2 | **Counsel for Appellant:**

3 | Raymond H. Aver     ray@averlaw.com

4 | **Counsel for Appellees:**

5 | Pamela M. Ferguson
Peter Dixon     dixon@ldbb.com
6 | Annie Verdries     verdries@lbbslaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    10/28/05               /s/ JH
                                               **Chambers of Judge Whyte**

ORDER DENYING APPELLEES' MOTION TO DISMISS APPEAL—No. C-03-03012 RMW
JAH                                                    4